IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| THE BEAR MILL, INC., an Idaho corporation, and JANIS FENTON, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:07- CV-492-EJL-LMB |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| TEDDY MOUNTAIN, INC., a Canadian corporation, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Currently pending before the Court is Plaintiffs' Motion for Preliminary Injunction (Docket No. 9). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Report and Recommendation:

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff The Bear Mill, Inc. ("Plaintiff" or "The Bear Mill") is an Idaho corporation doing business in Coeur d'Alene, Idaho. *See* Compl., p. 1 (Docket No. 1). The Bear Mill engages in retail and wholesale sales of stuffed animals and accessories. *Id*. at 2. Plaintiff Janis Fenton is the President of The Bear Mill and an Idaho resident. *Id*. The Bear Mill operates national and international franchises as well as an Internet website through which purchases can be made. *Id*. The Bear Mill has been in the "teddy bear" business since 2002. *Id*.

Defendant Teddy Mountain, Inc. ("Defendant" or "Teddy Mountain") is a Canadian corporation that, while also in the teddy bear business, has no affiliation with Plaintiffs. *Id*.

**REPORT AND RECOMMENDATION - 1**

Teddy Mountain maintains a website at www.teddymountain.com through which customers can order stuffed animals, inquire about franchise opportunities, and view "store locations." Plaintiffs allege that Teddy Mountain's website "makes several references to The Bear Mill, Inc., Fluff Mountain, Bobbins Bear and depicts pictures of The Bear Mill's fixtures, designs and franchise stores" for which the Plaintiffs own trademarks. *Id*. at 3. Teddy Mountain did not have authorization to use these trademarked materials. Fenton Aff., p. 3 (Docket No. 9, Att. 2).

On November 14, 2007, Plaintiffs filed a Complaint setting forth three causes of action: (1) trademark infringement, (2) misappropriation, and (3) interference with a reasonable business expectation. *See* Compl. (Docket No. 1). Plaintiffs also filed an Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Docket Nos. 2, 9). On November 15, 2007, United States District Judge Edward Lodge denied Plaintiffs' Motion for Temporary Restraining Order and referred the Motion for Preliminary Injunction to the undersigned. *See* Order (Docket No. 8).

Originally, Plaintiffs' Motion for Preliminary Injunction was stayed pending the outcome of Defendant's Motion to Dismiss (Docket No. 13). *See* 12/6/07 Docket Entry Order (Docket No. 13). On May 30, 2008, Plaintiffs' Motion to Dismiss was denied. *See* Order Adopting Report and Recommendation (Docket No. 31). Plaintiffs' Motion for Preliminary Injunction is now ripe for this Court's consideration.

## II.  REPORT

It is well established that the district court generally has broad discretion in deciding whether or not to issue a preliminary injunction. *See Pacific Rivers Council v. Thomas*, 873 F. Supp. 365, 368 (D. Idaho 1995)  A preliminary injunction may be granted in a trademark case

**REPORT AND RECOMMENDATION - 2**

where the moving party demonstrates either "'(1) a combination of probable success on the merits *and* the possibility of irreparable injury *or* (2) the existence of serious questions going to the merits *and* that the balance of hardships tips sharply in [its] favor.'" *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985) (emphasis in original)). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *See Grocery Outlet*, 497 F.3d at 951 (quoting *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)); s*ee also Greater Yellowstone Coalition v. Reese*, 392 F. Supp. 2d 1234, 1239 (D. Idaho 2005) (discussing preliminary injunction standard, noting that "'[u]nder any formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury'") (quoting *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985)).

    Here, it cannot be said that Plaintiffs have unequivocally offered the requisite evidence indicating probable success on the merits or, likewise, creating a serious question going to the merits of the action. Plaintiffs' argument in this respect mirrors the allegations made in their Complaint which, contrasted against the substantive arguments that were made during the April 8, 2008 hearing on Defendant's Motion to Dismiss, coupled with the apparent reality that the principals of both parties know each other personally, suggest something less than *probable* success on the merits. This is not to say that Plaintiffs' claims are unfounded or without merit; indeed, Plaintiffs may very well prevail at trial in this action and/or the companion case (also before this Court) dealing with similar substantive issues. However, at this stage of the litigation, there is simply not enough to suggest that Plaintiff is more likely than not to prevail at

**REPORT AND RECOMMENDATION - 3**

trial.  In other words, an examination of Plaintiffs' alleged irreparable harm remains warranted before issuing any preliminary injunction.

The denial of a preliminary injunction is justified where a plaintiff fails to show a sufficient threat of irreparable injury.  *See, e.g., U.S. v. Nutri-cology, Inc.*, 982 F.2d 394 (9th Cir. 1992); *Dollar Rent A Car of Washington, Inc. v. Travelers Indem. Co.*, 774 F.2d 1371 (9th Cir. 1985).  While Plaintiffs' state matter-of-factly that "[a] damage award would not compensate [Plaintiffs] for harm suffered by virtue of confused customers, lost business, denigrated business reputation and good will" (*see* Pl.'s Mot. for Prelim. Inj., p. 2 (Docket No. 9)), there is no corresponding support, through affidavit or otherwise, for such a claim.  To be sure, Plaintiffs' own submissions suggest otherwise.

First, Plaintiffs' Complaint seeks monetary damages for each of the three causes of action asserted.  S*ee* Compl. at ¶¶ 22, 28, & 35 (Docket No. 1) ("[Plaintiffs] ha[ve] been damaged by Defendant's trademark infringement . . .[,] misappropriation . . .[,] and interference with [Plaintiff's] reasonable business expectations in an amount to be proven at trial, but in no event less than $75,000.00 plus attorneys' fees and costs.").  Second, Plaintiff Janis Fenton's supporting affidavit acknowledges that, since Defendant's allegedly violating website was operative, "[Plaintiffs'] wholesale sales to [its] franchise stores are down more than $90,000."  *See* Fenton Aff. in Supp. of Pl.'s Mot. for Prelim. Inj., p. 3, ¶ 9 (Docket No. 9, Att. 2).  Finally, Plaintiffs' own briefing in support of its efforts to secure a preliminary injunction states in no uncertain terms that "Plaintiff's franchise sales – franchises which [Plaintiff] has learned have been contacted by representatives of Respondent's – have decreased by approximately $120,000.00 since June, 2007."  *See* Pl.'s Mot. for Prelim. Inj., p. 9.

**REPORT AND RECOMMENDATION - 4**

At the very least, these statements combine to contradict Plaintiffs' argument for a preliminary injunction. Based upon the record now existing before the Court, Plaintiffs have not shown a sufficient threat of irreparable harm and, as a result, Plaintiffs' Motion for Preliminary Injunction (Docket No. 9) should not be granted. Instead, it is recommended that Plaintiff's Motion for Preliminary Injunction (Docket No. 9) be denied.

### III.  RECOMMENDATION

Based upon the FOREGOING, it is hereby RECOMMENDED that Plaintiffs' Motion for Preliminary Injunction (Docket No. 9) be DENIED.

It is further RECOMMENDED that Defendant be required to file an Answer within ten (10) days of the District Court's entry of an order on this Report and Recommendation.  *See* Fed. R. Civ. P. 8(b).



DATED:  **July 17, 2008**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 5**